ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAY -7 A 10: 01
CLERK J Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIO F. SANTORO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-022 |
| | ) | |
| WALT WELLS, Warden CCA/McRae; | ) | |
| HARLEY LAPPIN, Director of Federal | ) | |
| Bureau of Prisons; and FNU MUKASEY, | ) | |
| Attorney General Of the United States, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Harley Lappin, Director of the Federal Bureau of Prisons, and FNU Mukasey, Attorney General of the United States, be **DISMISSED** from this case, and that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.[1]

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner was arrested in the Southern District of Florida on April 8, 1995. (Doc. no. 1, p. 1). On October 23, 1995, Petitioner was convicted after a jury trial of three counts of drug-related charges under 21 U.S.C. §§ 841 and 846. Santoro v. United States, Criminal Case No. 195-272-JAL, doc. no. 203 (S.D. Fla. Oct. 23, 1995). Petitioner was sentenced to a term of two hundred forty (240) months of imprisonment as to two counts of the indictment, to be served concurrently; and one hundred twenty (120) months as to a third count of the indictment, to be served concurrently with the sentence term imposed as to the first two counts. Id., doc. no. 230. Petitioner maintains that pursuant to the BOP's calculation of his sentence, the term of his confinement has been increased by five months. (Doc. no. 1, p. 13). Petitioner contends in his § 2241 petition that 18 U.S.C. § 3624(b)(1) requires that his good credit time ("GCT") be calculated based on the time he has been sentenced to serve rather than - as the BOP calculates GCT - based on the time he actually serves.[2] (Doc. no. 1, pp. 10-24).

Candidly, Petitioner admits that he has not attempted to exhaust administrative remedies. (Id. at 3). Nevertheless, Petitioner submits that the exhaustion requirement of 42 U.S.C. § 1997e(a) does not apply to properly filed § 2241 petitions. (Id.). Petitioner further

---

[2]In this regard, Petitioner contends that the Bureau of Prisons published Program Statement 5100.07, interpreting "18 U.S.C. § 3624[](b)'s Good Conduct Time as 'Sentence Imposed' in the amount of 15% per year imposed," in 1989. (Doc. no. 1, p. 8). Petitioner maintains that, although Congress promulgated 28 C.F.R. § 523.20, "interpreting § 3624[](b)'s Good Conduct Time as 'Time Served'" in 1997, the Bureau of Prisons did not rescind Program Statement 5100.07 until 1999. (Id. at 10-12, 18-21). Petitioner submits, *inter alia*, that the Bureau of Prisons's calculation of his sentence of confinement violates the *ex post facto clause* of the United States Constitution because it is being applied retroactively to his sentence. (Doc. no. 1, pp.10-12, 18-21).

2

explains that, because the § 2241 exhaustion requirement in the Eleventh Circuit is judicially created, it may be waived for discretionary reasons. (Id.).

In this regard, "Petitioner argues that he should be excused from 'tilting at the administrative windmills[,]' because the adoption of 28 C.F.R. § 523.20 makes [it] clear that such an effort would be futile . . . ."[3] (Id. at 4 (citations omitted)). In support of this argument, Petitioner contends that "[t]he Bureau [of Prisons] will be unlikely to grant [P]etitioner relief in contravention of its own published regulations." (Id.). Petitioner maintains, "[T]here can be little doubt that 'requiring administrative review would be to demand a futile act' as the issue 'needs to be resolved judicially[,]' and the 'purposes of exhaustion would not be served by requiring [P]etitioner to exhaust the multitudinous [Bureau of Prisons] and [Corrections Corporation of America] complaint process." (Id. at 8). The Court resolves the matter as follows.

## II. DISCUSSION

### A.  Proper Respondent

Petitioner named Walt Wells, Warden CCA/McRae, Harley Lappin, the Director of the Federal Bureau of Prisons, and FNU Mukasey, Attorney General of the United States, as Respondents in this case. However, neither the Director of the Federal Bureau of Prisons nor the Attorney General of the United States is a proper respondent because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian.

---

[3] 28 C.F.R. § 523.20 is the BOP's rule on GCT and provides in relevant part: "Pursuant to 18 U.S.C. 3624(b), . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."

3

Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae Correctional Facility, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Harley Lappin, the Director of the Federal Bureau of Prisons and FNU Mukasey, Attorney General of the United States, be **DISMISSED** from this case.

B.  **Exhaustion of Administrative Remedies**

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is,

4

> however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

As the Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed. Appx. 356, 358 (11th 2006).[4] Although some courts within the Eleventh Circuit have noted that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."[5] Jones v. Zenk, 495 F. Supp. 2d

---

[4]The Court recognizes that although the Eleventh Circuit has in the past suggested that exhaustion in § 2241 petitions is a jurisdictional issue, Jaimes, 168 Fed. Appx. at 358 (11th 2006), the issue is somewhat unsettled in light of the Supreme Court's recent ruling in Bowles v. Russell, 551 U.S. \_\_\_\_, 127 S.Ct. 2360 (2007). In that case, the Supreme Court held that the Sixth Circuit Court of Appeals lacked jurisdiction over an appeal from the district court's denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, where the petitioner filed an untimely notice of appeal, and that it would no longer recognize the unique circumstances exception to excuse an untimely notice of appeal. Bowles, 551 U.S. at \_\_\_\_, 127 S. Ct. at 2361. In its analysis, the Supreme Court explained that there are distinctions between limitations set forth in a statute, which limit a court's jurisdiction, and those based on court rules, which do not limit a court's jurisdiction. Id. However, unlike the instant case, Bowles did not involve a federal petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 or exhaustion of administrative remedies.

[5]"On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other

5

1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Martin v. Zenk, 244 Fed. Appx. 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner, 355 F.3d at 1295).

In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300. For example, in Jones, the petitioner, who challenged 28 C.F.R. § 570.21(a), also admitted that he did not attempt to exhaust administrative remedies and requested that the district court excuse his failure because adoption of 28 C.F.R. § 570.21(a) makes it clear that such an effort would be futile. Jones, 495 F. Supp. 2d at 1290, 1296-97. Ultimately, the district court excused the petitioner's failure to exhaust administrative remedies because "[the BOP] has predetermined by rulemaking the issue . . . . What is more, *the BOP has continued to enforce [that] rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions.*" Id. at 1300 (emphasis added).

Here, Petitioner has not argued, and it does not appear, that the BOP has enforced 28 C.F.R. §523.20 "in the face of its invalidation" by various appellate courts, let alone, the Eleventh Circuit Court of Appeals. Indeed, in a similar case, the Eleventh Circuit held, *inter alia*, "Even though [18 U.S.C. § 3624(b)(1)] is ambiguous, the BOP's interpretation of the

---

cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

6

statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed . . . ." Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*).

Therefore, not only are the critical facts of Jones dissimilar from those presented in this case, even if the Court were to excuse Petitioner's failure to exhaust administrative remedies, the Eleventh Circuit, has approved the GCT calculation used, in Brown, *supra*, and thus rejected Petitioner's argument.

In the same vein, Petitioner's *ex post facto* argument has also been rejected by the Eleventh Circuit. See Guanipa v. Holder, 181 Fed. Appx. 932, 934-35 (11th Cir. May 26, 2007) (finding that the petitioner conceded that the "BOP had consistently construed 18 U.S.C. § 3624(b)(1) against [her] interpretation both before and after [she] committed her offense in 1996; and thus based on this concession, the petitioner was not disadvantaged by 28 C.F.R. § 523.20).

Similarly, a court within this district also concluded that Program Statement 5880.28 did not violate the *ex post facto* clause of the United States Constitution. Payne v. Vasquez, Civil Case No. 206-050, slip op. at 2-4 (S.D. Ga. Nov. 6, 2006). In Payne, the court concluded that the BOP's Southeast Regional Office had calculated the GCT based on the time the inmate actually served. Payne, Civil Case No. 206-050 at 2-4. In addition the court noted that even if Program Statement 5880.28 operated retroactively, the petitioner had not shown that this Program Statement. raised any penalty he faced at the time he committed his criminal acts (on December 6, 1991). (Id.). The court also noted that § 3624(b)(1) became law in 1987, thus, the petitioner was put on notice of what he faced under § 3624(b)(1) at the

7

time he committed his offenses. (Id.).

Here, Petitioner was arrested in April 1995, was convicted of his drug-related offenses in October 1995, and was sentenced in January 1996. Petitioner admits that in 1992, the BOP published Program Statement 5880.28 calculating GCT on "time served." (Doc. no. 1, p. 18). Thus, similar to Guanipa and Payne, Petitioner's GCT has always been calculated based on "time served" and there has been no retrospective application of 28 C.F.R. § 523.20 nor has Petitioner been disadvantaged by 28 C.F.R. § 523.20. Thus there has been no violation of the *ex post facto* clause of the United States Constitution.

As such, Petitioner has shown neither the existence of exceptional circumstances nor the futility of administrative review. Notably, Petitioner's belief that a favorable administrative outcome would be unlikely is insufficient to make the remedy futile. See Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it [does not], in denying relief the Bureau [of Prisons] may give a statement of its reasons that is helpful to the district court in considering the merits . . . ."). In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Harley Lappin, Director of the Federal Bureau of Prisons, and FNU Mukasey, Attorney General of the United States, be **DISMISSED** from this case, and that this case be

**DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

SO REPORTED and RECOMMENDED this 7th day of May, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE