FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 JUN 26 P 4: 21
CLERK BMcCarthy
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIO F. SANTORO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-022 |
| | ) | |
| WALT WELLS, Warden CCA/McRae; | ) | |
| HARLEY LAPPIN, Director of Federal | ) | |
| Bureau of Prisons; and FNU MUKASEY, | ) | |
| Attorney General Of the United States, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 6). The Magistrate Judge recommended dismissing Harley Lappin, Director of the Federal Bureau of Prisons, and FNU Mukasey, Attorney General of the United States, from this case as improperly named respondents, and the Magistrate Judge also recommended dismissing the petition without prejudice based on Petitioner's failure to exhaust administrative remedies. (Doc. no. 2).

Petitioner objects to the R&R arguing that he is not required to exhaust his administrative remedies, and he also objects to the Magistrate Judge's failure to address the merits of his petition. As Petitioner failed to exhaust his administrative remedies, the Court

need not address the merits of his petition. Thus, the Court will now address Petitioner's objections regarding exhaustion.

Petitioner is incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia. The Federal Bureau of Prisons ("BOP") has contracted with the Corrections Corporation of America ("CCA"), a private corporation, to house federal prisoners at MCF, a facility operated by CCA. Petitioner argues that because MCF is a non-federal facility, the administrative remedies procedures in 28 C.F.R. § 542.10 do not apply to him.[1] (Doc. no. 6, pp. 2-3). Petitioner's argument is misguided because, even if this argument were accurate, Petitioner has not exhausted his administrative remedies pursuant to MCF grievance procedures. See e.g., Monestime v. Pugh, Civil Case No. 305-112 (S.D. Ga. Nov. 10, 2005).[2]

Similarly, Petitioner's argument that the Court, pursuant to the Administrative Procedure Act, cannot impose additional exhaustion requirements as a prerequisite to judicial review, is also misguided. (Doc. no. 6, p. 4). As the Magistrate Judge noted, the Eleventh Circuit has consistently held that prisoners seeking habeas relief, including relief pursuant

---

[1] 28 C.F.R. § 542.10(b) provides in pertinent part:

[the] scope [of] this program applies to all inmates in institutions operated by the BOP, to inmates designated to contract community corrections centers (CCC's) under BOP responsibility, and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities.

[2] The Court has authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

2

to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004). Here, Petitioner candidly admits that he did not exhaust his administrative requirement, and he has not established any extraordinary circumstances that justify exempting him from this exhaustion requirement.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Harley Lappin, Director of the Federal Bureau of Prisons, and FNU Mukasey, Attorney General of the United States, are **DISMISSED** from this case, and this case is **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

SO ORDERED this 26th day of June, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE